FILED
1/3/18 11:10 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

ELMER L. REITZ and TERESA L. REITZ,
    *Debtors.*

:   Case No. 17-10696-TPA
:   Chapter 13
:
:   Related to Doc. No. 37
:
:   Hearing: Jan. 30, 2018 at 10:00 A.M.

### ORDER TO SHOW CAUSE DIRECTED TO ATTY. WILLIAM E. MILLER

It has recently become apparent to the Court that a number of lenders holding mortgages encumbering residential real estate owned by debtors filing bankruptcy in this District are filing "Notices of Fees, Expenses, and Charges" pursuant to *Fed.R.Bankr.P. 3002(c)* ("Postpetition Fee Notices") seeking reimbursement for fees and costs on a "flat rate" or "piecemeal" basis without any supporting proof or verification that the work claimed to have been performed was actually done, was even necessary, or the time allegedly spent amounted to fair compensation for the fee claimed.

Such requests for payment are inconsistent with and contrary to the prior decisions of this Court and its *Local Rules* which require extensive time and billing itemizations for professional fees and expenses. *See W.PA.LBR. 2016-1*(Professional Fees and Expenses). Such claims for compensation and reimbursement also run afoul of the Bankruptcy Code provisions concerning compensation. *See 11 U.S.C. §§ 326-330.*

1

The harm occasioned by the above process is that often times a debtor is not in a position to object to the fees and costs being claimed because the cost of doing so is prohibitive when the claim is relatively *de minimis* in the scheme of things, i.e. $1,500 or less. As such, it is incumbent upon the Court to do what it can to assure the integrity of the bankruptcy system by monitoring these types of claims when they come before it. Where the bankruptcy filings involve a Chapter 13 proceeding, the Chapter 13 Trustee also plays a roles in this regard.

In considering this process it is important to note that proofs of claim and Postpetition Fee Notices are subject to different evidentiary schemes in bankruptcy procedure. *Fed.R.Bankr.P. 3001(f)* provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, a proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to an objecting party to produce sufficient evidence to negate the prima facie validity of the filed claim. *In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011).

Postpetition Fee Notices on the other hand, do not enjoy such a prima facie presumption. *See, Fed.R.Bankr.P. 3002.1(d)* ("The notice is not subject to Rule 3001(f)"). Thus, such filings are "more susceptible to challenge" than are proofs of claim, *In re Susanek*, 2014 WL 4960885 *2 (Bankr. W.D. Pa. September 30, 2014), and in fact, Official Form 410S2 specifically puts the creditor on notice that the debtor or trustee may challenge whether the fees, expenses or charges are required to be paid.

The lack of a prima facie presumption means that the filer of a Postpetition Fee Notice must provide sufficient support to show that they were in fact incurred, and that they were reasonable.[1] *See, e.g., In re Trudelle*, 2017 WL 4411004 *10 (Bankr. S.D. Ga. September 29, 2017). Simply listing the fees on the 3002.1 notice does not explain "why the services of an attorney were needed, whether the charges are reasonable on the particular facts of the case, who performed the work, the time spent on task, [and] the rate charged." *Id.*, citing *In re Hale*, 2015 WL 1263255 *3 (Bankr. D. S.C. March 16, 2015).

As to how the filer of a Postpetition Fee Notice must meet its burden as described above, the Court acknowledges that the issue is not explicitly addressed in its *Local Rules*. However, as the Court has stated at past hearings on the subject (and involving the attorney to whom this Order is directed), a natural analogy is to an application seeking an award of professional fees, which is expressly covered by *W.D. Pa. LBR 2016-1*. That Rule goes into considerable detail as to what must be included with any such application. In addition there is a body of local case law to help inform and guide in the process.

Perhaps in the future the *Federal Rules of Bankruptcy Procedure*, or the *Local Rules* of this Court will be amended to set forth a specific procedure for providing supporting information for a Rule 3002.1 notice. Unless and until that happens, however, as has been stated by the Court to the Respondent on numerous occasions, the appropriate approach to follow is to

---

[1] Although Rule 3002.1 does not contain an explicit requirement that the fees, expenses and charges being sought be of a "reasonable" amount, the Court notes that *11 U.S.C. §§326 and 328*, dealing with compensation for trustees and professionals, does include an express reasonableness standard. A similar standard of reasonableness appears to implicitly exist in the context of Rule 3002.1.

require such notices to initially include supporting information consistent with *LR 2016-1*. And even if such notices are not so supported, if an objection is filed the response thereto certainly must contain such itemization.

Of current concern to the Court regarding this issue is its recent awareness of the practice by Attorney William Miller of Stern & Eisenberg, P.C. advocating for the propriety of such notices. Atty. Miller represents various lenders who file Postpetition Fee Notices claiming "flat fees" despite his prior knowledge that these type of notices do not comply with this Court's practices, its *Local Rules*, or applicable law. When faced with an objection to the *Notices* he has filed, despite his awareness of the Court's policy and rules in this regard[2] Attorney Miller "digs in" and files responses advocating for the allowance of flat rate fees, all at a substantial cost in time and energy to the bankruptcy system, not to mention the monetary cost to the debtors themselves.

The following is a list of recent cases pending before the Undersigned where Attorney Miller advanced this approach:

(1) ***In re Clyde W. Ransom***, Case No. 15-10886-TPA

- *Notice of Postpetition Fees* filed by Diego Rojas at Doc. No. 37 on April 4, 2016 by Ocwen Loan Servicing for $400.
- *Response Regarding the Hearing* filed by William Miller filed at Doc. No. 47 on April 19, 2017.
- *Response Regarding the Hearing* filed by William Miller at Doc. No. 78 on August 21, 2017.
- *Response Regarding the Hearing* filed by William Miller filed at Doc. No. 90 on October 18, 2017.

---

[2] In the matters of *In re Clyde W. Ransom*, Case No. 15-10886-TPA and *In re Denae Marie Randolph*, Case No. 15-10895-TPA, as recent as July 24, 2017 Atty. Miller's firm withdrew *Notices* after being previously admonished by the Court in this regard. Furthermore, Atty. Miller has been the recipient of numerous expressions by the Court on this subject as referenced earlier in this Order.

4

(2) *In re Denae Marie Randolph*, Case No. 15-10895-TPA

- *Notice of Postpetition Fees* filed by Brian Ader at Doc. No. 87 on April 11, 2016 by Ocwen Loan Servicing for $400.
- *Response Regarding the Hearing* filed by William Miller filed at Doc. No. 126 on April 24, 2017.
- *Response Regarding the Hearing* filed by William Miller at Doc. No. 167 on August 21, 2017.
- *Response Regarding the Hearing* filed by William Miller at Doc. No. 176 on October 18, 2017.

(3) *In re William B. Sye and Cindy L. Sye*, Case No. 16-21326-TPA

- *Notice of Postpetition Fees* filed by William Miller on July 11, 2016, Claim 3-1 by LPP Mortgage, Ltd. for $1,300.
- *Response Regarding the Hearing* filed by William Miller at Doc. No. 53 on July 31, 2017.
- *Response to Trustee's Motion to Compel Discovery* filed by William Miller at Doc. No. 75 on October 26, 2017.

(4) *In re Stephen L. and Shawna L. Visocky*, Case No. 16-20285-TPA

- *Notice of Postpetition Fees* filed by William Miller on July 14, 2016, Claim 16-1 by First Guaranty Mortgage Corporation for $1,300.
- *Response to Trustee's Objection* filed by William Miller at Doc. No. 52 on August 15, 2017.
- *Supplemental Response* filed by William Miller at Doc. No. 54 on September 11, 2017.
- *Response to Trustee's Motion to Compel* filed by William Miller at Doc. No. 77 on October 26, 2017.

(5) *In re Kenneth J. and Colleen S. Dworek*, Case No. 16-10705-TPA

- *Notice of Postpetition Fees* filed by William Miller on September 12, 2016, Claim 1-1 by Quicken Loans, Inc. for $700.
- *Response to Trustee's Objection* filed by William Miller at Doc. No. 39 on October 19, 2017.

5

(6) *In re Charlene L. Jones*, Case No. 16-21890-TPA

- *Notice of Postpetition Fees* filed by William Miller on September 6, 2016, Claim 6-1 by Quicken Loans, Inc. for $1,150.
- *Response Regarding the Hearing* filed by William Miller at Doc. No. 38 on October 11, 2017.

(7) *In re Daniel R. Hojdila*, Case No. 16-23542-TPA

- *Notice of Postpetition Fees* filed by William Miller on November 22, 2016, Claim 4-1 by Quicken Loans, Inc. for $650.

(8) *In re David J. Lech*, Case No. 17-21342-TPA (Resolved)

- *Notice of Postpetition Fees* filed by William Miller on July 25, 2017, Claim 1 by LNC Corporation for $1,400.

(9) *In re Elmer L. Reitz and Teresa L. Reitz*, Case No. 17-10696-TPA

- *Notice of Postpetition Fees* filed by Christopher McMonagle of Stern & Eisenberg on August 16, 2017, Claim 3 by Quicken Loans, Inc. or $1,100.
- *Response Regarding the Hearing* proposing to reduce fees to $784 filed by William Miller at Doc. No. 37 on November 7, 2017.

When an attorney and/or party continually advances and/or advocates an alleged legal theory or position where that attorney and/or party should be aware, or worse yet, has actually been made aware that the Court finds the position to be frivolous, that attorney and/or party subjects itself to the imposition of sanctions. *See Fed.R.Bankr.P. 9011(b)*. In the Court's view, that is the situation Atty. Miller currently finds himself in, which situation requires the Court to act resulting in the instant Order to Show Cause. *See Fed.R.Bankr.P. 9011(c)(1)(B)*. Therefore,

6

*AND NOW*, this *3rd* day of *January, 2018*, for the foregoing reasons, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that an *Order to Show Cause* is issued against *William Miller, Esq.,* Stern & Eisenberg, P.C., 1581 Main Street, Suite 200, Warrington, PA 18976 requiring him to *personally appear* before the Court on *January 30, 2018 at 10:00 A.M.* in the Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, PA 16501 and show cause as to why he should not be sanctioned for the misconduct identified above, which sanctions may include, among other things, a further admonition, a monetary sanction, having the clients' claims dismissed, compensating the Debtors for their counsel fees and/or having his privileges to appear before this Court suspended.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
William Miller, Esq.
Debtor
Ronda Winnecour, Chapter 13 Trustee
Chief Judge Jeffery A. Deller

Judge Carlota M. Böhm
Judge Gregory L. Taddonio
Michael Rhodes, Clerk

7