Case 17-10696-TPA    Doc 45    Filed 01/30/18    Entered 01/31/18 10:41:17    Desc Main
Document    Page 1 of 3

FILED
1/30/18 4:45 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
  ELMER L. REITZ and              :    Case No. 17-10696-TPA
  TERESA L. REITZ,              :    Chapter 13
         *Debtors.*                :    Related to Doc. No. 40

## *ORDER*

A hearing was held this date on the **Order to Show Cause** ("OTSC") that was issued on January 3, 2018 and directed to Attorney William Miller. The *OTSC* relates to the proper standard of evidence or documentation needed to support a postpetition claim for attorney fees or expenses filed by a mortgage servicer on Official Form 410S2, "Notice of Postpetition Mortgage Fees, Expenses, and Charges" ("Notice"), pursuant to *Fed.R.Bankr. P. 3002.1.*[1] The Court's concern about this issue is based on past experience demonstrating that the amount of fees and expenses typically involved in these situations, and which will ultimately be borne by the debtor and unsecured creditors, is in the $1,000 to $1,500 range – large enough so that it cannot be simply "brushed off" as merely trifling or *de minimis*, but yet not so large that it makes economic sense for the debtor to incur the legal expense of raising an objection, even if such an objection would be warranted. The Court fears that in the absence of some standard for supporting documentation when filing a Notice, debtors at a most vulnerable time can be taken advantage of by the party asserting the claim.

---

[1] As noted in the OTSC, unlike Proofs of Claim, *Notices* do not enjoy a presumption of prima facie validity, and thus the burden of proving the validity of a *Notice* always remains with the filing party. *Compare, Fed.R.Bankr,P. 3001(f)* and *3002.1(d)*. *See also, In re Susanek*, 2014 WL 4960885 (Bankr. W.D. Pa. September 30, 2014). For this reason, the Court believes it is proper to address the minimal level of proof that will be required to support a filed *Notice*.

Shortly before the hearing in this case, a *Response* to the *OTSC* was filed on behalf of Attorney Miller. While the Court does not agree with much of the legal argument in the *Response* concerning postpetition fees and expenses in the context of the circumstances surrounding the cases at issue, it does appreciate the solution-oriented tone of the *Response*, which was carried over to the hearing, and agrees that the "curative measures" proposed in the *Response* have merit. More specifically, it appears to the Court that the curative measures set forth in the *Response* strike the appropriate balance between the extremes of either requiring *Notices* to do nothing more than simply assert the fees and expenses being imposed (to the detriment of debtors as discussed above), or requiring them to conform with a level of detail and procedure tantamount to a formal fee petition (imposing a considerable burden on creditors).

The Court therefore accepts the proposal as set forth in the *Response* and will impose the curative measures as a requirement for future Notice filings by Attorney Miller and his firm. The Court also intends to impose such measures for similar future filings in all of the cases on its docket. Furthermore, the Undersigned intends to discuss the matter with the other Judges of the Court, who share similar overall concerns regarding the current issue, and recommend implementation of such a requirement on a Courtwide basis.

AND NOW, this *30th* day of *January, 2018*, for the reasons stated herein and on the record at the time of the hearing, it is hereby **ORDERED, ADJUDGED** and **DECREED** that,

(1)    The *OTSC* is *VACATED*.

(2)    *On or before February 13, 2018*, Attorney William Miller and the Chapter 13 Trustee shall file a *joint report* setting forth the status as to resolution of any objections or issues concerning Notices filed in the following cases:

2

- *Ransom*      Case No. 15-10886-TPA
- *Randolph*    Case No. 15-10895-TPA
- *Sye*         Case No. 16-21326-TPA
- *Visocky*     Case No. 16-20285-TPA
- *Dworek*      Case No. 16-10705-TPA
- *Jones*       Case No. 16-21890-TPA
- *Hojdila*     Case No. 16-23542-TPA
- *Lech*        Case No. 17-21342-TPA
- *Reitz*       Case No. 17-10696-TPA

(3)    On a going forward basis, Attorney Miller and his firm of Stern and Eisenberg shall, when filing any Notice on behalf of a client that is seeking to impose a postpetition attorney fee or other expense on any debtor or loan, include all of the following documentation along with the Notice:

(a)    A complete and accurate loan payment history.
(b)    A description of the services that were provided and the fees charged for those services in a form consistent with *W.PA.LBR 2016-1*.
(c)    A computation of the specific mortgage fees, expenses, and charges allegedly due from the debtor(s) as generally articulated in the Notice filed in a particular case.
(d)    After exercising appropriate due diligence in attempting to do so, an identification and explanation as to "why" any of the foregoing is not produced.
(e)    A declaration affirming the veracity and accuracy of all matters alleged.

(4)    The Court reserves the right to issue any further appropriate Order in the cases identified herein or in future cases should the requirements of this Order not be met.

_____
Thomas P. Agresti   Judge
United States Bankruptcy Court.

Case administrator to serve:
Robert O Lampl, Esq.
William Miller, Esq.
Kenneth Seitz, Esq.
Ronda Winnecour, Ch. 13 Trustee

Chief Judge Jeffery A. Deller
Judge Carlota M. Böhm
Judge Gregory L. Taddonio